UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-2315-MWF (MRWx)     Date: June 18, 2019
Title:   Bradley Calhoun v. Consolidated Disposal Service, LLC, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                         Court Reporter:
Rita Sanchez                          Not Reported

Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
None Present                          None Present

**Proceedings (In Chambers):**    ORDER RE: MOTION FOR ORDER REMANDING ACTION TO STATE COURT PURSUANT TO 28 U.S.C. § 1441(c) [11]

Before the Court is Plaintiff Bradley Calhoun's Motion for Order Remanding Action to State Court Pursuant to 28 U.S.C. § 1441(c) (the "Motion"), filed on April 26, 2019. (Docket No. 11). Defendants Consolidated Disposal Service, LLC and Republic Services, Inc. filed an Opposition on May 20, 2019. (Docket No. 16). Plaintiff did not file a Reply.

The Court reviewed and considered the papers submitted on the Motion and held a hearing on June 10, 2019.

For the reasons set forth below, the Motion is **DENIED**. The Complaint alleges damages in excess of $75,000, which is sufficient to confer diversity jurisdiction upon this Court.

## I.   BACKGROUND

Plaintiff Bradley Calhoun commenced this action on December 31, 2018, in the Los Angeles County Superior Court. (*See* Complaint ("Compl.") (Docket No. 1-4)).

---

**CIVIL MINUTES—GENERAL**                                                1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2315-MWF (MRWx)          Date:  June 18, 2019
Title:     Bradley Calhoun v. Consolidated Disposal Service, LLC, et al.

The action was removed on March 27, 2019, pursuant to this Court's diversity jurisdiction. (*See* Notice of Removal at 2 (Docket No. 1)).

The Complaint asserts six claims for relief: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, *et seq.*; (2) harassment in violation of FEHA, Cal. Gov't Code §§ 12940, *et seq.*; (3) retaliation in violation of FEHA, Cal. Gov't Code §§ 12940, *et seq.*; (4) failure to prevent discrimination, harassment, and retaliation in violation of FEHA, Cal. Gov't Code § 12940(k); (5) retaliation in violation of FEHA, Cal. Gov't Code §§ 12945.2, *et seq.*; (6) failure to provide reasonable accommodations in violation of FEHA, Cal. Gov't Code §§ 12940, *et seq.*; (7) failure to engage in a good faith interactive process in violation of FEHA, Cal. Gov't Code §§ 12940, *et seq.*; (8) declaratory judgment; and (9) wrongful termination in violation of California public policy. (Compl. ¶¶ 41-135).

The following summarizes Plaintiff's allegations:

On February 28, 2013, Plaintiff was hired by Defendants as a full-time, non-exempt commercial truck driver. (*Id.* ¶¶ 18-19). Plaintiff was one of the few African Americans working for Defendants. (*Id.* ¶ 18). Plaintiff performed all of his job duties satisfactorily before he was terminated on October 15, 2018. (*Id.* ¶ 19). At the time of his termination, Plaintiff was 42 years old. (*Id.* ¶ 20).

In 2016, Plaintiff suffered a work-related injury to his left hand that limited Plaintiff's ability to work. (*Id.* ¶ 22). Plaintiff notified Defendants of his injury and requested accommodations. (*Id.* ¶ 23). Defendants denied Plaintiff's requests, and Plaintiff continued working without accommodations for two years. (*Id.*).

In March 2018, Plaintiff suffered work-related injuries to his right hand. (*Id.* ¶ 24). Plaintiff notified Defendants and requested accommodations, or a transfer and retraining to be a "Roll Off Truck Driver," which requires less physical work. (*Id.*). Defendants accommodated Plaintiff by allowing him to work light duty, which restricted the work Plaintiff was able to do when not driving the truck. (*Id.* ¶ 25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2315-MWF (MRWx)			Date:  June 18, 2019
Title:	Bradley Calhoun v. Consolidated Disposal Service, LLC, et al.

However, despite multiple requests, Defendants refused to transfer Plaintiff to the position of Roll Off Truck Driver.  (*Id.* ¶ 27).  Then, without explanation, Plaintiff was sent home on October 15, 2018.  (*Id.* ¶ 28).  Defendants said they would not accommodate Plaintiff and that he would no longer be paid.  (*Id.* ¶ 29).  Plaintiff again requested to be transferred, but Defendants refused.  (*Id.* ¶¶ 29-30).

## II.     LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

The Ninth Circuit employs the following framework for determining the amount in controversy on removal.  First, a "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  If not, the court may consider facts in the removal petition and require parties to submit "summary-judgment-type evidence" relevant to the amount in controversy.  *Id.*; *see also Corbelle v. Sanyo Elec. Trading Co.*, No. CV03-01509, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003).  "[T]he defendant seeking removal bears the burden of proof to establish by a preponderance of the evidence that the amount-in-controversy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2315-MWF (MRWx)				Date:  June 18, 2019
Title:	Bradley Calhoun v. Consolidated Disposal Service, LLC, et al.

requirement is satisfied." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted).

## III.   DISCUSSION

### A.   Amount in Controversy

Plaintiff argues that Defendants fail to establish that the amount in controversy in this case exceeds the $75,000 jurisdictional minimum. (Mot. at 5). Specifically, Plaintiff argues that Defendants failed to submit admissible, summary-judgment-type evidence to meet their burden and instead rely on speculation and conjecture. (*Id.*).

As a preliminary matter, the Court notes that contrary to Plaintiff's suggestion, Defendants were not required to submit summary-judgment-type evidence in the Notice of Removal to prove up the amount in controversy. The law is clear that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

Accordingly, the Court determines that the Notice of Removal was not deficient for failing to include such evidence.

### 1.   Punitive Damages

Defendants argue that Plaintiff's own statement of damages served concurrently with the Complaint alleges punitive damages of at least $5,000,000. (*See* Statement of Damages (Docket No. 1-4)). Defendants argue further that when Defendants' counsel inquired with Plaintiff's counsel whether the Statement of Damages was still operative, Plaintiff's counsel confirmed that it was. (Opp. at 5; Declaration of Ashley Stein ¶ 3 (Docket No. 16-1)). In his Motion, Plaintiff fails to acknowledge whatsoever his claim for punitive damages of $5,000,000. Instead, Plaintiff asserts that "no precise sum was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2315-MWF (MRWx)                Date:  June 18, 2019
Title:        Bradley Calhoun v. Consolidated Disposal Service, LLC, et al.

demanded in Plaintiff's Complaint" and that Defendants "fail[] to establish that Plaintiff's punitive damages claim will bring this case over this Court's jurisdictional minimum with **evidence**[.]"  (Mot. at 8 (emphasis in original)).

"It is well established that punitive damages are part of the amount in controversy in a civil action, where they are recoverable under one or more of the plaintiff's claims for relief."  *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMX, 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015) (internal quotation marks omitted).  Here, Plaintiff's action is brought pursuant to FEHA, under which punitive damages are available.  Plaintiff's Statement of Damages specifically seeks punitive damages of up to $5,000,000.  Therefore, this alone would meet the Court's jurisdictional threshold.  *See Zubair v. L'Oreal USA, Inc.*, 2:10-cv-01112-MCE-EFB, 2010 WL 2925074, at *1 (E.D. Cal. July 23, 2010) (denying motion to remand where plaintiff's statement of damages, filed separately from the complaint, sought over $400,000).  *But see Boutorabi v. Gov't Employees Ins. Co.*, No. SACV171026DOCDFMX, 2017 WL 3037400, at *3 (C.D. Cal. July 18, 2017) (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1230-31 (N.D. Cal. 2000)) (finding that because statements of damages are only required in personal injury or wrongful death cases, in cases where the statement is not required, an allegation of damages in excess of $75,000 alone, "without support in either plaintiff's complaint or defendant's notice of removal, are not sufficient to carry defendant's burden to prove the required jurisdictional amount").

### 2.    Lost Wages and Emotional Distress

In any event, even if the Court does not consider Plaintiff's alleged punitive damages, the amount in controversy nevertheless exceeds $75,000.

The parties do not appear to dispute that Plaintiff's yearly salary at the time of his termination was $67,068.  (Mot. at 5; Opp. at 2).  There is also no dispute that Plaintiff asserts that he is entitled to "past and future lost wages and benefits."  (Compl. ¶ 37).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-2315-MWF (MRWx)          Date: June 18, 2019
Title:     Bradley Calhoun v. Consolidated Disposal Service, LLC, et al.

Defendants argue that Plaintiff's lost wages by the time of removal total $30,134.66, and that this sum will be larger by the time of trial. (Opp. at 8). Defendants argue that, assuming a trial date of sometime in December 2019, approximately one year after Plaintiff filed his Complaint, Plaintiff's lost wages would total $81,040. (*Id.* at 9). Additionally, Defendants point out that Plaintiff has not presented any evidence that he has mitigated these damages by obtaining new employment. (*Id.*).

Plaintiff argues that Defendants' calculation of damages until trial is erroneous, as "it is the amount of damages at the time of removal that matters, not that time of trial." (Mot. at 7).

But as the Ninth Circuit recently explained, "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018). Rather, "the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414-15. The Ninth Circuit further clarified that, for purposes of determining the amount in controversy, "[i]f a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Id.* at 417.

Accordingly, "[w]here, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy." *Id.* at 418.

Here, a trial date has not yet been set. But given Defendants' conservative estimate of the trial date as being sometime in December 2019, Plaintiff's lost wages from the time of termination to the proposed trial date exceed the jurisdictional minimum. *See Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, 2018 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-2315-MWF (MRWx)					Date:  June 18, 2019
Title:     Bradley Calhoun v. Consolidated Disposal Service, LLC, et al.

6323077, at *5 (C.D. Cal. Dec. 3, 2018) ("The parties have not set a trial date; however, the Court finds Defendants' proposed date of trial for purposes of this [remand] motion—one year from the date of removal—is a conservative estimate of the trial date.").

Finally, as Defendants highlight, the Complaint explicitly claims emotional distress damages exceeding $25,000.  (*See* Compl. ¶ 39 ("Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court."))

Based on Plaintiff's claim for punitive damages, lost wages, and emotional distress damages, the Court has no difficulty concluding that the threshold amount in controversy is met here.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.